Tayior, Chief-Justice,
 

 delivered the opinion of this Court:
 

 It is established by a long series of cases, that to say a man is forsworn, or that he has taken a false oath, gene
 
 *576
 
 rally, and without reference to some judicial proceeding'» is not actionable
 
 •,
 
 and the reason is, that in tlie latter case a perjury is charged, for which, were tlie charge true, the party would be liable to be indicted and punished j in the other, a breach of morality is imputed, of which the law does not take cognizance.
 
 *
 

 In a charge of forswearing, unless from the accompanying words, it is clear that a judicial forswearing was meant, the Plaintiff must shew upon the record that the Defendant alluded to some particular forswearing which amounted to perjury. Thus, in a declaration for saying A. B. being forsworn, compounded the prosecution,” no introduction of extrinsic facts is necessary, since an indictable forswearing must have been meant. But in declaring for the words, íS Sc has forsworn himself in Leake
 
 “
 
 Court,” it is necessary to shew that Leake Court was one in which the offence of perjury could have been committed. Actions of slander do not lie «pon inference.
 

 It lias been held, that to accuse another of having forsworn himself, generally, is actionable;
 
 †
 
 but it seems-now perfectly settled that such an accusation is not actionable, unless it appear from the accompanying circumstances, to have meant such a forswearing, as would constitute the offence of perjury.
 
 ‡
 

 *
 

 Cro. Eliz. 429, 788, 609,
 
 720.
 
 1 Com. Dig. Tit. Action on the case for defamation. 6 Mod. 200
 
 .
 

 †
 

 2 Buis. 40.
 

 ‡
 

 4 Rep.
 
 15.
 
 6 Term Rep. 691.